UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY SMALL, | : | |
| Petitioner, | : | |
| | : | **PRISONER** |
| v. | : | **Case No. 3:08cv1053 (VLB)** |
| | : | |
| WARDEN PETER MURPHY, et al., | : | |
| Respondents. | : | |

### RULING ON RESPONDENTS' MOTION TO STAY OR DISMISS

Petitioner Anthony Small, currently confined at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, to challenge his conviction for felony murder and conspiracy. The respondents move to stay or dismiss the petition because petitioner did not exhaust his state court remedies on four of his ten grounds for relief. For the reasons that follow, the Court concludes that the petition should be dismissed without prejudice.

I.    Background

Petitioner was found guilty, after a jury trial, on charges of capital felony, felony murder and conspiracy in connection with a 1990 murder of persons who purportedly stole drugs from petitioner and his friend. On appeal, the Connecticut Supreme Court reversed the conviction for capital felony and remanded the case for resentencing on the felony murder counts. State v. Small, 242 Conn. 93, 94-95, 97-98, 700 A.2d 617, 618-20 (1997). Petitioner was sentenced to a total effective

term of imprisonment of forty-five years. See State v. Small, No. CR94-94505, 2006

WL 3200826 (Conn. Super. Oct. 25, 2006) (decision of three judge panel of the

Sentence Review Division affirming sentence).

On direct appeal, petitioner raised five claims.

> [T]he trial court improperly: (1) refused to dismiss the capital felony count because a capital felony conviction may not be predicated on a charge of felony murder; (2) charged the jury, over the defendant's objection, on the statutory affirmative defense to felony murder, even though the evidence did not support the defense and the defendant did not rely on the defense; (3) allowed the jury to hear evidence of the defendant's prior convictions; (4) denied the defendant's motion for a new trial after it was learned that one of the jurors had been the defendant's neighbor, knew the defendant and his family, and had not disclosed a sibling's narcotics arrest; and (5) charged the jury as to "reasonable doubt" in such a manner as to shift the burden of proof to the defendant. In addition, the defendant claims that his convictions for felony murder and conspiracy to commit robbery cannot stand if his coconspirator's convictions are reversed on appeal.

Small, 242 Conn. at 96.

In a state habeas action, petitioner alleged that trial and appellate counsel

were ineffective in several ways and that he was deprived of a fair trial before an

impartial judge. Small v. Commissioner of Correction, No. CV99-42321-S. On

September 8, 2000, the state court denied the petition. See Resp'ts' Mem., App. K,

at 17-27. Petitioner did not appeal the denial. Several years later, however,

petitioner filed a second state habeas petition, Small v. Commissioner of

Correction, No. CV02-0470465-S. By agreement of the parties, the court granted

the second petition and restored plaintiff's appellate rights with regard to the

issues raised in the first petition.

Although the state court denied certification to appeal, petitioner appealed

the decision to the Connecticut Appellate Court, raising four issues: (1) whether

the habeas court abused its discretion by denying certification to appeal, (2)

whether petitioner was prejudiced by the trial court's failure to charge the jury on

attempt, (3) whether the habeas court abused its discretion by failing to find trial

counsel ineffective for failing to properly cross-examine state witnesses or to

request a jury instruction on inconsistent statements, and (4) whether the habeas

court abused its discretion by failing to grant certification on whether the trial

court properly charged the jury on conspiracy to commit attempted robbery

without charging on attempt. See Resp'ts' Mem., App. L, at iii. The Connecticut

Appellate Court affirmed the decision of the habeas court. See Small v.

Commissioner of Correction, 98 Conn. App. 389 (2006).

The Connecticut Supreme Court granted certification limited to one issue

only. In its May 6, 2008 decision affirming the appellate decision, the Connecticut

Supreme Court characterized the issue as:

> whether the trial or appellate counsel ... rendered
> ineffective assistance in failing to object to, or to
> challenge on direct appeal, the trial court's jury
> instructions, which did not include the legal definition of
> "attempt," when the petitioner was charged with felony
> murder predicated on the crime of attempt to commit
> robbery in the first degree.

Small v. Commissioner of Correction, 286 Conn. 707, 709, cert. denied, 129 S. Ct.

481 (2008).

Petitioner also filed a petition for new trial in state court, challenging his conviction on three grounds: (1) actual innocence based on newly discovered evidence, (2) failure to disclose exculpatory evidence, and (3) improper jury charge on consciousness of guilt. The petition was denied. See Small v. State, No. CV01-0381069, 2006 WL 2053778 (Conn. Super. Jul. 7, 2006). After the Connecticut Appellate Court denied review, the Connecticut Supreme Court granted certification on two issues: (1) whether it had jurisdiction to consider a petition for certification from the denial of relief on a motion for review, and (2) whether the Appellate Court's ruling was consistent with prior Connecticut Supreme Court decisions. On January 20, 2009, however, the Connecticut Supreme Court determined that it had improvidently granted certification and dismissed the appeal. See Small v. State, 290 Conn. 128, 129 (2009).

Finally, petitioner recently filed a third state habeas petition raising various claims of ineffective assistance of trial and appellate counsel. That petition remains pending. See Small v. Warden, No. CV08-4002459-S, included as Resp'ts' Mem., App. GG.

II.     Discussion

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The Second Circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present the factual and legal

bases of his federal claim to the highest state court capable of reviewing it. Second, he must have utilized all available means to secure appellate review of his claims. See Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005).

Petitioner raises ten claims in his federal habeas petition: (1) the trial court erred in charging on an affirmative defense not asserted at trial; (2) the trial court improperly permitted evidence of petitioner's prior convictions; (3) the trial court improperly instructed the jury on reasonable doubt; (4) a juror failed to reveal that she was a former neighbor of the defendant, knew the defendant and had a brother convicted of drug charges; (5) petitioner's convictions must be reversed if his co-participant in the crimes successfully challenges his conviction; (6) ineffective assistance of trial and appellate counsel for failing to raise prosecutorial misconduct; (7) the trial judge failed to instruct the jury on the definition of attempt; (8) trial counsel was ineffective for failing to ask for an inconsistent statement charge and failing to impeach state witnesses for inconsistent statements; (9) petitioner did not receive a fail trial before an impartial judge; and (10) trial counsel failed to call petitioner's co-participant as a witness.

Respondents argue that petitioner has exhausted his state court remedies only for grounds 1-5 and 7. Because petitioner has not exhausted his state remedies with regard to the remaining four grounds, respondents contend that the petition must be dismissed. Petitioner agrees that he exhausted claims 1-5

and 7. He states that he would like to include claims from his currently pending habeas action and petition for new trial if he cannot file them in a separate action and asks the court to stay this action if the court finds that he has submitted a mixed petition.

Claim 6 alleges ineffective assistance of trial and appellate counsel as a result of their failure to object to and raise on appeal prosecutorial misconduct. Petitioner states that he exhausted this claim and refers the court to Small v. Commissioner of Correction, 286 Conn 707 (2008). In that case, however, the Connecticut Supreme Court considers only claim 7, his claim of ineffective assistance of trial and appellate counsel relating to the failure of the trial court to charge the jury on attempt. Petitioner asserts other examples of ineffective assistance of counsel in claims 8 and 10.

Petitioner argues that he only had to raise ineffective assistance of counsel in a general sense to exhaust all possible claims. Petitioner is mistaken. Before the federal court will consider a claim of ineffective assistance of counsel, the allegations must have been presented to the state courts to allow those courts "the opportunity to consider *all* the circumstances and the cumulative effect of the claims as a whole." Caballero v. Keane, 42 F.3d 738, 740-41 (2d Cir. 1994) (internal quotation marks omitted; emphasis in original). Adding new factual allegations at the federal level may change the claims that were presented at the state level and render the claim unexhausted; the state courts would not have been apprised of "both the factual and legal premises" of the federal claim. Jones

v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).

Petitioner raised many claims of ineffective assistance of counsel in his state habeas petitions. He fails to show, however, that he presented the factual basis for these claims of ineffective assistance of counsel to the Connecticut Supreme Court. Thus, claims 6, 8 and 10 are unexhausted.

Currently, there is a one-year limitations period for filing a petition for writ of habeas corpus in federal court to challenge a judgment of conviction imposed by a state court. Some federal habeas petitions are mixed petitions, *i.e.*, they contain both exhausted and unexhausted claims. In light of the limitations period for filing a federal habeas action, the Second Circuit has directed the district court not to dismiss a mixed petition if an outright dismissal would preclude petitioner from having all of his claims addressed by the federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court).

The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d). Small's conviction became final on October 27, 1997, at the conclusion of the time during which he could have filed a petition for certiorari to the United States Supreme Court from the Connecticut Supreme Court's decision affirming his conviction. See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir.) (direct appeal included time within which petitioner could have, but did

not, file petition for certiorari), cert. denied, 534 U.S. 924 (2001). Since then,

petitioner has had some form of collateral attack on his sentence pending in state

court.[1] Thus, none of the limitations periods have expired and petitioner will not

be precluded from obtaining federal review of any of his claims if this case is

dismissed without prejudice.

In addition, petitioner may file only one federal habeas petition without

obtaining permission from the court of appeals. See 28 U.S.C. § 2244(a) (requiring

petitioner to obtain permission from the court of appeals before any second or

successive habeas petition may be filed in district court). Although petitioner

continues to state that he would like to obtain federal review of claims asserted in

his petition for new trial and his third state habeas petition, he has not withdrawn

this petition to enable him to do so. If he does not include all claims in one

federal petition, he may not be able to have those claims reviewed by the federal

court. Petitioner should wait until he has exhausted his state remedies on all

claims before refiling a federal habeas action.

---

[1]Petitioner's request for review by the Sentence Review Division was required by statute to be filed within thirty days of sentencing. See Conn. Gen. Stat. § 51-195. The decision affirming the sentence was issued on October 25, 2006. See State v. Small, No. CR94-94505, 2006 WL 3200826 (Conn. Super. Ct. Oct. 25, 2006). Petitioner filed his second state habeas petition, No. CV 02-0470475-S, on October 24, 2002. The case terminated on October 20, 2008, when the United States Supreme Court denied his petition for writ of certiorari. See Small v. Commissioner of Correction, 286 Conn. 707, cert. denied sub nom. Small v. Lantz, 129 S. Ct. 481 (2008). Petitioner filed a third state habeas petition, No. CV 08-4002459-S, on June 19, 2008. That petition remains pending.

III.    Conclusion

Respondents' motion [doc. #16] is GRANTED. The petition is DISMISSED without prejudice for failure to exhaust state court remedies. Petitioner may file another federal habeas petition containing all claims he wishes the federal court to address after he exhausts his state court remedies for all of the claims.

The Court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgement and close this case.

IT IS SO ORDERED.

/s/

Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut this 24th day of February 2009.